ALMA A. PERRY, Respondent, v. THE CITY OF SEDALIA, Appellant.

Kansas City Court of Appeals, February 3, 1913.

1. NEGLIGENCE: Proximate Cause: Hole in Sidewalk. The plaintiff seeks to recover damages for injuries, received when she stepped into a hole in the sidewalk of the city of Sedalia. The hole was at one side of a water meter box, having been there for five days, and the sidewalk was only partially lighted on account of the shade trees. The hole had been temporarily repaired the day of the accident. *Held*, that the demurrer to the evidence was properly overruled.

2. ———: Verdict: Substantial Evidence. If the evidence of plaintiff is substantial the verdict will not be disturbed, because the jury disbelieved the defendant's evidence. instead of plaintiff's.

3. ———: Notice to Repair: Prejudicial. When it is conceded that a party has actual notice in time to make repairs, the evidence on that point even if erroneously admitted would not be prejudicial to that party.

4. ————: Misconduct of Counsel: Prejudicial Error. The statutes provide that an error to be ground for reversal of a judgment must be prejudicial to the party against whom it is committed. Thus a party cannot urge his adversary into an error, and then be heard to complain of that error.

Appeal from Pettis Circuit Court.—*Hon. H. B. Shain,* Judge.

AFFIRMED.

> *W. G. Lynch* for appellant.

> *A. L. Shortridge* and *W. D. Steele* for respondent.

JOHNSON, J.—Plaintiff sued the city of Sedalia, a city of the third class, to recover damages she alleges resulted from personal injuries she sustained in consequence of negligence of defendant. The answer is a general denial. The cause is here on the appeal of defendant from a judgment of $750 recovered by plaintiff in the circuit court.

The injury occurred one Sunday night while plaintiff and her husband were returning home from church. They were walking on a brick sidewalk in one of the public streets when plaintiff stepped into a hole in the middle of the sidewalk and sustained the injuries of which she complains. The hole was at one side of the cover of a water-meter box and was about one foot long, five or six inches wide and ten inches deep. It had been caused by the displacement and removal of the top layer of brick in the wall on one side of the meter box pit and had been there since the preceding Wednesday. The street was lighted but owing to the shade trees and other obstructions the defective place was in partial darkness and plaintiff who, as her evidence tends to show, was proceeding in a usual and reasonably careful manner did not see the hole before stepping into it. The mayor of the city introduced as a witness by defendant testified that in the morning

of the day of the injury he received notice of the defective and dangerous place and immediately ordered the street commissioner to repair it. The latter officer also offered as a witness by defendant testified that early that afternoon he went to the place and repaired the defect by fitting a piece of board in the hole and laying a longer piece across the top. He made the repairs in this temporary manner because it was Sunday and he intended to make more substantial repairs the next day. If the temporary repairs were made as he states, every vestige of them had disappeared before the injury, according to the evidence of plaintiff and the defect was in the same condition it was when he attempted to remedy it.

The first contention of defendant is that the court erred in refusing a peremptory instruction asked by defendant at the close of the evidence. Counsel argue that plaintiff failed to prove that her fall was caused by stepping into the hole and, therefore, failed to prove that the alleged negligence was the proximate cause of her injury. The argument is based on the following testimony of plaintiff elicited by defendant on cross-examination:

"Q. Did your foot go into the hole? A. I don't know whether it did or not. I think it did."

Plaintiff did not see the hole which all of the evidence shows was there and, quite naturally, did not know what caused her to trip or stumble and fall. She received a severe sprain of her left ankle and being in great pain did not stop to ascertain the cause of her injury. But all of the evidence relating to the subject shows that she fell at the place of the defect and a witness who was walking immediately behind her testified that she stepped into the hole. Of course the burden is on plaintiff to show that her injury was caused in the manner alleged in her petition and this she has done by both direct and circumstantial evidence of the strongest character. The fact that she

did not know of her own knowledge the cause of her injury, cannot be construed as an admission against interest or as conclusive evidence that she was not injured in the manner alleged in her petition. It would be a strange rule that would require a person injured by the negligence of another to know the precise cause of his injury on pain of losing his right to recover damages. We hold that plaintiff fully sustained her burden of proof and that her evidence presented the issue of the proximate cause of her injury as one of fact for the jury to determine.

Further defendant argues that the demurrer to the evidence should have been sustained for the reason that defendant through its street commissioner immediately repaired the defect on the receipt by defendant of notice of its presence in the sidewalk. The duty of defendant was to exercise reasonable care to discover the defect and on receiving either actual or constructive notice of its existence, to use reasonable diligence and care to remove the danger from the way of pedestrians rightfully using the sidewalk. The issue of reasonable care in discovering the defect is removed from the case by the admission of the mayor and street commissioner that they had actual knowledge of it and did make repairs some hours before the injury. It is not claimed that defendant did not have a reasonable time for making suitable repairs but that it did make safe the unsafe place with temporary but sufficient repairs.

We agree with defendant that its evidence discloses facts which, if true, would preclude a recovery by plaintiff. If the street commissioner repaired the place that afternoon in a way to make the sidewalk reasonably safe, the fact that the repairs were temporary would be immaterial and the case would afford no room for the inference of a lack of reasonable care on the part of defendant.

But the weakness of defendant's position lies in the assumption that its evidence on this issue should be given conclusive effect. In view of the facts that the testimony of the street commissioner is unsupported by any other evidence and is contradicted by other facts and circumstances in evidence, the jury were entitled to disbelieve him and to infer either that he did not repair the place at all, or if he did, that he failed to make reasonable use of his opportunity and means to put it in a reasonably safe condition for travel.

The demurrer to the evidence was properly overruled.

Next it is urged that the verdict was excessive and should be denounced as the result of passion and prejudice. The evidence of plaintiff tends to show that she sustained a severe and very painful injury to her ankle, accompanied by nervous shock, and that she had not recovered at the time of the trial. The extent of her injuries and their effect upon her were closely contested issues at the trial, and the evidence of defendant accuses plaintiff of wilfully magnifying her damages. But all the evidence presents the issues of the credibility of plaintiff and her witnesses and the weight to be given their testimony as issues of fact, and since the evidence of plaintiff is substantial, we perceive no occasion for interfering with the verdict because the jury disbelieved defendant's evidence instead of plaintiff's. On the hypothesis of facts presented by the evidence of plaintiff the assessment of damages was not excessive.

Point is made of error in a ruling of the court on evidence relating to the giving of notice to defendant of the existence of the hole; but since it is conceded defendant had actual notice in time to have repaired the place, we do not see how that evidence, if erroneously admitted, could have been prejudicial to defendant.

Finally, it is argued that we should reverse the judgment and remand the cause on account of misconduct of one of plaintiff's attorneys in his argument to the jury. The remark of the attorney thus called in question would have been improper had it not been invited by counsel for defendant. Certainly a party cannot urge his adversary into error, as was done in this instance, and then be heard to complain of that error. The statute provides that error to be ground for the reversal of a judgment must be prejudicial to the party against whom it was committed, which means, of course, that he must be innocent of participation in the wrong that injured him, else he can have no just ground of complaint.

Finding no prejudicial error in the record, the judgment is affirmed.

All concur.